IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 96-cr-00084-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  SANDRA J. WESTPHAL, a/k/a Sandra J. Westphal-Quintin, a/k/a Sandra Quintin,

    Defendant.

## ORDER

THIS MATTER came before during a hearing on March 5, 2009, on Defendant Sandra J. Westphal's Motion to Determine Mental Competency of Defendant [doc. #117, filed January 9, 2009]. Upon consideration of Defendant's motion, defense counsel's statements, the pleadings in this matter, Government counsel's statements and the Court's observation of Defendant and there being no objection by either the Government or the defense, the Court finds:

    1.  Pursuant to 18 U.S.C. § 4241(a), there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

    2.  Pursuant to 18 U.S.C. § 4247(b), Defendant is hereby committed to the custody of the United States Attorney General, and shall be hospitalized in a suitable medical facility, which the Court understands is the Federal Medical Center in Carswell,

Texas, for such a reasonable period of time for the purpose of psychiatric, psychological and/or neurological examination under section 4241, to be conducted by a licensed or certified psychologist or psychiatrist. The examination under section 4241 shall not exceed 45 days. The director of the facility may apply for a reasonable extension of time, not to exceed an additional 45 days, upon a showing of good cause that the additional time is necessary to observe and evaluate Defendant.

3. The psychological, psychiatric and/or neuropsychological reports shall be prepared and filed with the court pursuant to 18 U.S.C. § 4247(c).

4. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that the delay resulting from the determination of Defendant's mental competency to stand trial is excluded from the calculation of the time within which trial must commence. It is hereby

ORDERED that Defendant's Unopposed Motion to Determine Mental Competency of Defendant [doc. #117, filed January 9, 2009] is **GRANTED.** It is further

ORDERED that Defendant is ordered to be transported and examined as noted herein.

Dated: March 11, 2009

                                            BY THE COURT:

                                            s/ Wiley Y. Daniel
                                            Wiley Y. Daniel
                                            Chief United States District Judge