UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 96-cr-00084-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. SANDRA J. WESTPHAL,

    Defendant.

## ORDER

I.    INTRODUCTION

THIS MATTER came before the Court on a Status Conference on January 29, 2010. I heard argument on the United States' Motion to Declare Case Complex and to Exclude 240-Days from the Speedy Trial Calculations as well as the issue of Defendant's competency. These issues are addressed below.

II.    ANALYSIS

    A.    Defendant's Mental Competency

I first address for the record the issue of Defendant's competency to proceed to trial. On January 17, 2009, Defendant filed a Motion to Determine Mental Competency of Defendant. On March 11, 2009, I issued an Order granting the motion pursuant to 18 U.S.C. § 4241(a) and committing Defendant to the custody of the United States Attorney General for the purpose of a psychiatric, psychological and/or neurological examination.

On August 17, 2009, the Federal Medical Center in Texas sent a report indicating that Defendant's neuropsychiatric and medical findings showed that she was competent to proceed. On August 21, 2009, Defendant filed a Motion to Dismiss on the basis that the evaluation by the medical center was not timely, which was denied by Order of August 24, 2009. An all-day competency hearing was then set for January 5, 2010.

On December 14, 2009, Defendant filed a Motion to Withdraw Request for Competency Hearing. The motion stated that Defendant wished to withdraw her request for a competency hearing and requested that a status/scheduling hearing be held instead of a competency hearing. That motion was granted by Minute Order of December 15, 2009, and the hearing was converted to this status conference. At the hearing, however, when asked by the Court whether there were any remaining unresolved issues as to the competency issue, defense counsel indicated that he was instructed to withdraw the motion for a competency hearing but still had concerns about Defendant's ability to assist in her defense because of neurological damage that she suffered as a result of a previous car accident. As stated at the Status Conference, I find that Defendant is competent to proceed within the meaning of 18 U.S.C. § 4241(a) based on the Forensic Evaluation of the Federal Medical Center in Carswell, Texas which found that Plaintiff's neuropsychiatric and medical findings showed that she was competent to proceed to trial.

B.   Motion for Complexity

I now turn to the Motion for Complexity. The motion asked for this case to be declared complex and for 240 days to be excluded from speedy trial due to the age of the case, the number of documents involved, and Defendant's mental state as the result

of her car accident. Defendant responded to the motion on January 8, 2009, indicating that she had no objection to the motion and would join in the motion but believed that the exclusion of 240 days was overly optimistic given the government's estimation that there are approximately 100,000 documents in this case and approximately 10,000 pages of discovery.

Turning to my analysis, I find for the reasons stated on the record in the Status Conference and in this Order that this case involves unusual and complex issues and many witnesses at diverse locations such that the case should be declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). Specifically, the case involves a 154-count Indictment charging Defendant Westphal and two co-defendants with complex issues of tax evasion, mail fraud, money laundering, bank fraud, and various iterations of false statements and representations to the United States, as well as criminal forfeiture. The Indictment stemmed from the investigation of fuel outlets operated by corporations allegedly owned by Defendant and her husband, co-Defendant Thomas Quintin. Defendant lived with her husband in the Cayman Islands while they were committing the offenses from 1990 to 1993. As discussed by the Government at the Status Conference, the age of the case makes the investigation and presentation of evidence and witnesses more difficult.

There are also extensive documents in this case, and the United States estimates it will call 50 witnesses at trial who are in diverse locations and countries. In that regard, Defendant asserts that she may need to conduct an investigation and take potential depositions in other jurisdictions such as Canada and the Cayman Islands. Finally, Defendant asserts that she has no recollection of any facts or events during the

time period of the alleged criminal acts as a result of her accident and that there may thus be an issue about the authenticity of each document the Government intends to introduce at trial.

Based on the foregoing, I find that the case is complex and grant the portion of the motion that seeks a complexity ruling. I deny, however, the portion of the motion that seeks a 240 day continuance of the speedy trial deadlines. Instead, I find that the ends of justice served by a 180 day continuance of the speedy trial deadlines outweigh the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

III.  CONCLUSION

In conclusion, it is

ORDERED that Defendant is competent to proceed to trial. It is

FURTHER ORDERED that the United States' Motion to Declare Case Complex and to Exclude 240-Days from the Speedy Trial Calculations is **GRANTED IN PART AND DENIED IN PART**. Specifically, it is **GRANTED** as to the motion to declare the case complex and **DENIED** as to the request to exclude 240 days from the speedy trial deadlines. Instead, 180 days are excluded from the speedy trial calculations.

Dated:  February 19, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge